## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**EDWARD N. MALOOF,**

        Plaintiff,

vs.                              Civ. No. 05- 760 WJ/ACT

**JAY G. HARRIS, Individually, and
in his official capacity as Judge of the
District Court of San Miguel County,**

        Defendant.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    1.      The Court entered an Order to Show Cause on June 26, 2006.  [Docket No. 14.]  The Court ordered the Plaintiff to appear before the undersigned Magistrate Judge at 11:00am on July 7, 2006, in the Gila Courtroom of the Pete V. Domenici U.S. Courthouse in Albuquerque, New Mexico to show cause why the undersigned Magistrate Judge should not recommend to the presiding judge that Plaintiff's Complaint be dismissed with prejudice.

    2.      On May 22, 2006, the Court had a telephonic scheduling conference with the Plaintiff and Patricia J. Turner, counsel for the Defendant.  At that time the court ordered that the Plaintiff submit his portions of the Provisional Discovery Plan and Initial Pretrial Report to the Court on or before June 2, 2006.  [Docket No. 13.]  The Court also advised the Plaintiff that any failure to comply with the Local Rules of civil Procedure, Federal Rules of Civil Procedure and the Orders of the Court, could result in the imposition of sanctions and, ultimately, could lead to the recommendation to the presiding judge that is case be dismissed with prejudice.

    3.      Pursuant to the Plaintiff's request, the Court mailed its Order of May 23, 2006

[Docket No. 13] to the Plaintiff at North Seventh Street Extension, Las Vegas, New Mexico, 87701. The envelope containing the Order was returned marked "not Deliverable as Addressed" and "No Mail Receptacle."  The Court has also been advised by counsel for Defendant that she attempted to mail information or documents to the Plaintiff at the same address and has been informed that the mail could not be delivered.  After receiving notification that the Court's Order was not deliverable, the Court attempted to contact the Plaintiff at the telephone number provided by the Plaintiff at the scheduling conference, and the Court was advised that the number had been "temporarily disconnected."   A copy of the Court's Order to Show Cause [Docket No. 14] was mailed to the Plaintiff at the initial address he had provided to the Clerk's office.

4.      While a *pro se* litigant is entitled to a liberal reading of his pleadings, he must nonetheless follow the same rules of procedure that govern other litigants.  *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 138 (10th Cir. 1994).  When imposing discovery sanctions against a *pro se* litigant, the court should carefully consider whether some sanction short of dismissal is appropriate so that the litigant does not unknowingly lose his right of access to the courts because of a technical violation.  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 n. 3 (10th Cir. 1992).  In determining the appropriate sanction, a court should consider (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that a dismissal with prejudice would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d 921.

5.      Plaintiff interfered with the judicial process and is culpable by disregarding the Orders of this Court the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.

Specifically, Plaintiff failed to submit his portion of the Provisional Discovery Plan and the Initial Pretrial Report. Fed. R. Civ. P. 26(f); D.N.M.LR-16.1. Plaintiff failed to appear at the hearing on the Order to Show Cause. [Docket No. 14.] Plaintiff failed to inform the Court of his change of mailing address and telephone number. D.N.M.LR-Civ.83.6.

   6.  Defendant has not been able to defend this action. The Court warned Plaintiff at the Initial Scheduling Conference and in its Order to Show Cause [Docket No. 14] that sanctions for failing to comply with orders of the court of Rules of Civil Procedure could include a recommendation that his lawsuit be dismissed with prejudice if he failed to appear at the hearing. In light of Plaintiff's history of blatant disregard of the Court's Orders, the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure lesser sanctions would not be effective. Under these circumstances, Plaintiff's Complaint should be dismissed with prejudice.

### RECOMMENDED DISPOSITION

  I recommend that Plaintiff's Complaint be dismissed with prejudice.

  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, New Mexico 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

            **ALAN C. TORGERSON**
            **UNITED STATES MAGISTRATE JUDGE**